UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE G. WILLIAMS,

        Plaintiff,                  Case Number: 2:16-cv-13631
                                                        HON. NANCY G. EDMUNDS

v.

DEPARTMENT OF MENTAL HEALTH,
ET AL.,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL AND REVOKING ORDER OF REFERENCE

Plaintiff Theodore G. Williams is presently confined at the Center for Forensic Psychiatry in Saline, Michigan. Plaintiff has filed a *pro se* complaint challenging his continued confinement. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1). The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff's claims are barred by the doctrine of *res judicata* and *Heck v. Humprhey*, 512 U.S. 477 (1994). Further, on December 5,

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

2016, the Court issued an Order of Reference to United States Magistrate Judge.  The Court hereby revokes that Order.

**I.      Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 1949 (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

## II.     Discussion

In October 1967, Plaintiff pleaded guilty in Michigan state court to first-degree murder. *Williams v. Meyer*, 346 F.3d 607, 610 (6th Cir. 2003)). Prior to sentencing, he was designated a "criminal sexual psychopath" under the Criminal Sexual Psychopath Act (CSPA), Mich. Comp. Laws § § 780.501-.509 (repealed Aug. 1, 1968), and committed to the custody of a state mental hospital. *Id.* He was discharged in September 1973, but returned to custody in 1979 when the Michigan Supreme Court determined that his release had been improper. *People v. Williams*, 406 Mich. 909 (1979). He has remained in the custody of the Michigan Department of Mental Health since 1979. Plaintiff has filed several petitions for release in state court and, in 1993, filed a petition for writ of habeas corpus in this Court, arguing that his continued incarcerated under the CSPA violated his rights under the Equal Protection Clause and the Due Process Clause. *See Williams v. Meyer*, No. 93-cv-75495. The district court denied the petition and the Sixth Circuit Court of Appeals affirmed the denial. *Williams v. Meyer*, 254 F. App'x 459 (6th Cir. 2007).

Plaintiff has now filed a complaint under 42 U.S.C. § 1983, again challenging his continued confinement under the CSPA. Under the doctrine of *res judicata,* a "valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). *Res judicata* serves "not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action."

3

*Id.* (emphasis in original). Plaintiff's claim regarding his the validity of his continued confinement under the CSPA already has been litigated. Therefore, Plaintiff may not relitigate this claim in this Court.

Moreover, a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated. *Id.* at 486-87. Plaintiff seeks release from continued custody. This claim is not properly filed under § 1983.

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that the December 5, 2016 Order of Reference to United States Magistrate Judge is **REVOKED** and the complaint is **DISMISSED.**

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis. See* Fed. R. Civ. P. 24(a)(5).

                                              s/ Nancy G. Edmunds
                                              NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated: December 12, 2016

## CERTIFICATION

I hereby certify that a copy of this order was served upon the parties and/or counsel of record on this 12th day of December, 2016 by regular U.S. Mail and/or CM/ECF.

                                              s/ Carol J Bethel
                                              Case Manager